**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
Danielle P. Light, Esq.
*Counsel for 1 SHARPE OPPORTUNITY*
*INTERMEDIATE TRUST (CSFBMC)*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
1 SHARPE OPPORTUNITY INTERMEDIATE TRUST,     Case No.:
(CSFBMC),

                                  Plaintiff,            **COMPLAINT**

               -against -

WNY PRO HOME IMPROVEMENTS LLC,
MICHAEL THOMPSETT,

                                  Defendants.
---------------------------------------------------------------------X

Plaintiff, 1 SHARPE OPPORTUNITY INTERMEDIATE TRUST (CSFBMC) ("Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

1. This is an action brough pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known 118 Fargo Avenue, Buffalo, New York 14201, known on the Erie County Tax Map as Section 99.83 Block 4 Lot 6 in the County of Erie and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

2. Plaintiff is a corporation organized under the laws of California with a principal place of business in California.

1

3. WNY PRO HOME IMPROVEMENTS LLC ("WNY PRO"), upon information and belief, is a limited liability company organized under the law of the State of New York with a principal place of business at 118 Fargo Avenue, Buffalo NY 14201. WNY PRO is a necessary party defendant to this action because it is the owner of the record of the Property and the obligor under the terms of the Note.

4. Michael Thompsett ("Thompsett") is an individual who is a citizen of the State of New York. Thompsett, upon information and belief has an address of 26 Abbottsford Place, Buffalo, New York 14213. Thompsett is a necessary party to this action because he is a personal guarantor under the Note.

5. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

6. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

7. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

9. On or about December 18, 2020, as evidence of a loan in the amount of $196,000.00 (the "Loan"), WNY Pro Home Improvements, LLC executed and delivered to Park Place Finance, LLC ("Park Finance") a note dated December 18, 2020 (the "Note"). A copy of the Note is annexed hereto as **Exhibit B**. Pursuant to the terms of the Note, WNY Pro promised to pay Park Finance, or the subsequent holder of the Note the principal sum of $196,000.00 ("Lender"). *See* **Exhibit B**.

10. In order to collaterally secure the aforesaid Loan, WNY Pro, on the same day, duly executed, acknowledged and delivered a mortgage to Park Place Finance (the "Mortgage"). A copy of the recorded Mortgage is annexed hereto as **Exhibit C**. The Mortgage encumbers the Property. *See* **Exhibit C**.

11. Pursuant to the Mortgage, in any lawsuit for foreclosure, Plaintiff or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount La Hacienda owes Lender which fees shall become part of the sums secured. *See id*.

12. Plaintiff is the current owner of the Note by virtue of its physical possession of the wet-ink Note with a proper affixed allonge. Therefore, Plaintiff is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits B** and **C**.

13. WNY Pro defaulted under the terms of the Note and Mortgage for the payment due on September 1, 2021 (the "Default"). *See* **Exhibits B** and **C**.

14. On November 22, 2021, Plaintiff complied with the contractual provisions in the Note and Mortgage by mailing a 30-Day Notice (the "Default Notice") to Thompsett advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured. Attached hereto as **Exhibit D** is a copy of the Default Notice.

15. Under the terms and conditions of the Note and Mortgage, the total principal balance plus all other fees and charges that may apply pursuant to the Mortgage is approximately $215,898.96 (through February 28, 2022). A copy of the current payoff of the Loan is annexed hereto as **Exhibit E**. The current principal balance due is $196,000.00. *Id.*

16. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

17. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

18. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

19. Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that

    the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law;

b) On all causes of action together with Plaintiff's costs and attorneys' fees, and such other and further relief as this Court shall deem just and proper.

Dated: March 22, 2022
       New York, New York

                                          By:   */s/ Danielle P. Light*
                                                     Danielle P. Light, Esq.